IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

VS.  CASE NO. 4:03CR00183 JMM

JIMMY DALE TURNER

**ORDER**

On August 28, 2003, defendant pled guilty to distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced on December 8, 2003 to 200 months incarceration in the Federal Bureau of Prison. He reported for commencement of his sentence on March 16, 2004.

On December 15, 2004, defendant, *pro se*, filed a 28 U.S.C. § 2255 petition which was amended by appointed counsel on October 13, 2005. As grounds for setting aside his sentence, defendant contends that he did not receive effective assistance of counsel because (1) his counsel did not discuss the pre-sentence report with him until the day of sentencing; (2) did not contest the career offender designation or seek to remove that enhanced penalty; (3) did not prepare any mitigation of sentence arguments or file a sentencing memorandum of his behalf; and (4) did not file a notice of appeal.

Petitioner also contends that (1) his sentence violated the Sixth Amendment based upon the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as clarified by *Blakely v. Washington*, 542 U.S. 296 (2004), and as applied to the federal sentencing guidelines in *United States v. Booker*, __ U.S. __, 125 S..Ct. 738 (2005); (2) his sentence undermines the statutory and

1

sentencing guideline goals of eliminating sentencing disparities; (3) the career-offender guideline is unconstitutional; (4) he was provided inadequate notice that the prosecution would seek the career-offender enhancement; (5) his lawyer should have argued that his state court conviction consisted of consolidated offenses not separate prior offenses; and (6) his counsel should have moved for a downward departure pursuant to U.S.S.G. § 4A1.3.

For the reasons stated at the hearing held on February 24, 2006, defendant's § 2255 motion is granted based upon counsel's failure to present any mitigation of sentence arguments. Defendant is re-sentenced to 188 months with the Bureau of Prisons. All other conditions of defendant's sentence remain the same.

The motion is denied on all other grounds. The transcript of defendant's sentencing reflect that defendant's counsel took the appropriate steps to inform defendant regarding his pre-sentence report. Defendant's counsel did not give ineffective assistance by failing to contest defendant's career offender designation or by failing to argue that defendant was entitled to a downward departure based upon U.S.S.G. § 4A1.3 or § 5K1.11 because to do so would have been futile. *Garrett v. United States*, 78 F.3d 1296, 1303 n. 11 (8th Cir.) (no ineffective assistance for counsel's failure to perform acts appearing to be futile or fruitless).

The question of whether counsel was ineffective for failure to file a notice of appeal is moot as defendant's re-sentencing entitles him to appeal his sentence.

*Blakely* and *Booker* do not apply to defendant's case, *see United States v. Stoltz*, 149 Fed. Appx 567 (8th Cir. 2005); *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) and *Apprendi* does not apply to defendant's career offender status as such status was based upon prior convictions.

2

"[T]he disparity between 'crack' and powder cocaine is not a basis for a downward departure under the Sentencing Guidelines. *See Patterson v. United States*, 133 F.3d 645, 648 (8th Cir. 1998). Defendant's remaining arguments are without merit regarding the purpose of the guidelines. Even if the Court had considered these arguments at defendant's initial sentencing, and found that the statutory mandatory minimum sentences, the career offender provision, and the policies of United States Attorneys undermined the guidelines, it would have sentenced defendant under 18 U.S.C. § 3553(a) to the same sentence.

Defendant's base offense level was enhanced pursuant to U.S.S.G. § 4B1.1, not 21 U.S.C. § 851, resulting in the government not having to give notice of a sentence enhancement under § 851. *See United States v. Auman*, 920 F.2d 495, 497 (8th Cir. 1990).

Finally, there is no error in defendant being classified as a career offender under the guidelines. Defendant's career status was based upon his conviction for separate criminal episodes. *See United States v. Cook*, 356 F.3d 913 (8th Cir. 2004) (citing *United States v. Gray*, 152 F.3d 816, 821-22 (8th Cir. 1998)).

IT IS SO ORDERED this  1  day of March, 2006.


                                        _____
                                        James M. Moody
                                        United States District Judge